On Return to Remand
On April 18, 1997, on original submission, we remanded this case to the trial court with instructions that it make specific findings in reference to each claim raised in Reynaldo Rimirez Rivas's petition for post-conviction relief, and further that it make specific findings of fact relating to each material issue of fact presented in the petition. Ala.R.Crim.P. 32.7(d) and 32.9(d). It has complied with our instructions and has duly filed a return to our remand. Included in the return is a transcript of the guilty plea proceedings in this case.
The return shows that the trial court addressed each issue or claim raised in Rivas's petition, and made findings of fact relating to each issue of fact presented in the petition. The trial judge in the proceedings on remand is the same judge who presided over the guilty plea proceedings. On remand, the trial court found that issues or claims I and II (attacking the validity of the indictment) and V and VI (attacking the sufficiency of the complaint and of the arrest warrant) were precluded because they could have been, but were not, raised in the trial court. Rule 32.2(a)(3). It found that issues III (attacking the voluntariness of the guilty plea) and VIII (claiming an insufficient factual basis to support the guilty plea) were without merit. The record fully supports the findings of the trial court. Thus, the judgment of that court denying the petition for post-conviction relief is due to be, and it is hereby, affirmed.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
All Judges concur.